ON REHEARING
WATKINS, Judge.
Both Wharton and the judgment creditor beneficiaries applied for a rehearing. For the reasons set forth herein, we denied Wharton a rehearing and granted a rehearing to the judgment creditor beneficiaries, which now results in our amending our original judgment to award legal interest compounded annually.
Wharton contends we were incorrect in stating that Bradford lacked the procedural *1220 capacity as legal representative of his minor children to waive the filing of an annual accounting or to lessen the requirement of the Trust Code by accepting income tax returns in lieu of an accounting.
The requirement that a trustee render a full accounting is one of the many duties of the trustee. See LSA-R.S. 9:2088 under Sub-Part B, Duties of the Trustee, Part V, Trust Code. Only a “competent beneficiary” may relieve the trustee, “by written instrument,” of duties imposed by the Trust Code. In the present case, the beneficiaries were minors, not competent to take legal action, and there was no “written instrument” delivered to the trustee relieving the trustee of the duty to account. Furthermore, the Comment states that LSA-R.S. 9:2063, which permits a “competent beneficiary” to relieve the trustee from duties and restrictions, was based upon the Uniform Trusts Act Section 18, which provides that a beneficiary may relieve a trustee from duties, restrictions, and liabilities only “if of full legal capacity” and “by written instrument delivered to the trustee.”
We thus find we were correct in stating that Bradford lacked the procedural capacity as legal representative of his minor children to waive an accounting.
Furthermore, even if this were not the case still Wharton breached the duty of loyalty in failing to account except by furnishing copies of income tax returns, as the duty of loyalty requires that the trustee administer the trust solely in the interest of the beneficiaries. LSA-R.S. 9:2081. In not filing the legally required full accounting, Wharton acted in the interest of Bradford and Wharton, and not solely in the interest of the beneficiaries.
Thus, we conclude that Wharton is not entitled to a rehearing on the basis of his argument that sufficient accounting was rendered.
Plaintiffs contend on rehearing that they are entitled to 12% per annum interest compounded annually on sums awarded them for breach of trust for profits that would have accrued to the trust estate had there been no breach.
Defendant E. Briggs Wharton contends that plaintiffs are not entitled to interest, or if they are entitled to interest they are not entitled to compound interest.
Bogert, Trusts and Trustees (2d ed. rev. 1982), § 863, states that in the absence of statute or contract, the court in the exercise of its discretion may require the trustee to pay the legal rate of interest as compensation for the beneficiary’s loss of the use of his fund. Bogert, op. cit., supra, states that compound interest should not be awarded as a punishment, but as compensation.
Scott on Trusts (3d ed. 1967) § 205, states where a trustee commits a breach of trust, the beneficiary has the option to charge the trustee with any loss which resulted from the breach of trust, or with any profit which would have accrued if there had been no breach of trust, or with any profit made through breach of trust. Scott, op. cit. § 207.2 seems to consider the awarding of interest as a punishment for intentional breach of trust, but he is a less recent authority.
In the present case, the beneficiaries seek compound interest which they consider to be the profit which would have accrued if there had been no breach of trust. The applicable statute, LSA-R.S. 9:2201, provides as follows:
If a trustee commits a breach of trust he shall be chargeable with:
(1) A loss or depreciation in value of the trust estate resulting from a breach of trust; or
(2) A profit made by him through breach of trust; or
(3) A profit that would have accrued to the trust estate if there had been no breach of trust.
The use of the word “shall” in the preamble indicates that the trial court is required to charge the trustee with a profit that would have accrued to the trust estate if there had been no breach of trust. Bogert, id., § 863, states that the award of interest or compound interest generally depends on the facts of each particular case in the absence of statute. Here we hold that *1221 both statute (LSA-R.S. 9:2201) and the facts of the case require that interest, compounded annually, and accruing annually from the date of diversion of each portion of the trust assets, be awarded the beneficiaries.
We note that our holding, as Bogert and Scott bear out, is thoroughly in accord with the trust law generally prevailing in this nation.
We therefore hold that plaintiffs-beneficiaries are entitled to receive interest compounded annually, and remand the case to the trial court for computation of the precise amount of legal interest, compounded annually, from the date of diversion of each portion of the trust assets, to which each beneficiary who is a judgment creditor is entitled.
AMENDED AND REMANDED.
LeBLANC, J., dissents.